IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW K. KAMANA'O, | ) | Civ. No. 09-00313 JMS-BMK |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PETITIONER ANDREW K. |
| | ) | KAMANA'O'S PETITION FOR |
| CLAYTON A. FRANK, Director, | ) | WRIT OF HABEAS CORPUS BE |
| Department of Public Safety, State of | ) | DENIED |
| Hawaii; NOLAN ESPINDA, | ) | |
| Warden, Halawa Correctional | ) | |
| Facility; and MARK J. BENNETT, | ) | |
| Attorney General, State of Hawaii, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PETITIONER ANDREW K.
KAMANA'O'S PETITION FOR WRIT OF HABEAS CORPUS BE DENIED

Before the Court is Petitioner Andrew K. Kamana'o's ("Kamana'o")

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("Petition").

The Court heard the Petition on January 7, 2010.  After careful consideration of the

Petition, the supporting and opposing memoranda, and the arguments of counsel,

the Court RECOMMENDS that the Petition be DENIED.

BACKGROUND

On October 13, 1983, Kamana'o was convicted by jury trial of two

counts of rape in the first degree and one count of sodomy in the first degree.[1]

Kamana'o v. Peyton, Civ. No. 05-00681 SOM/KSC, 2006 WL 1775869, at *1 (D.

Haw. June 21, 2006).  All of the foregoing counts were class A felonies, each

requiring a maximum indeterminate term of imprisonment of twenty years

pursuant to Hawaii Revised Statutes ("HRS") § 706-659.[2]  Kamana'o, 118 Haw. at

211, 188 P.3d at 725.  Instead of seeking the maximum indeterminate terms,

however, the State of Hawaii ("State") moved for an extended term of life

imprisonment.  Kamana'o, 2006 WL 1775869, at *1.  The State also moved for

mandatory minimum terms of imprisonment pursuant to Hawaii's repeat offender

---

[1]     Kamana'o was also convicted of three counts of burglary in the first degree, one count of attempted sodomy in the third degree, one count of sexual abuse in the first degree, and one count of harassment.  Kamana'o, 2006 WL 1775869, at *1 n.2.  These convictions are not relevant to the instant case.

[2]     The version of HRS § 706-659 relevant to this case stated in pertinent part as follows:

> **Sentence of imprisonment for class A felony.**
> Notwithstanding . . . any other law to the contrary, a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation.  The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

State v. Kamana'o, 118 Haw. 210, 211 n.6, 188 P.3d 724, 725 n.6 (2008) (boldfaced font in original).

2

statute, HRS § 706-606.5.[3]  (Pet. App. A Ex. 3.)  The State argued that HRS § 706-606.5 applied because Kamanaʻo was previously convicted of carrying a firearm without a permit or license and the maximum term of imprisonment allowed for that offense had not yet expired.  (Id. at 4.)

In January 1984, the Circuit Court of the First Circuit, State of Hawaii

---

[3]     The version of HRS § 706-606.5 relevant to this case stated in pertinent part as follows:

> **Sentencing of repeat offenders.**  (1)  Notwithstanding . . . any other law to the contrary, any person convicted under section . . . 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree, . . . [or] 708-810 relating to burglary in the first degree . . . , who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

> (a)     Second conviction–5 years;

> . . .

> (2)     . . . section . . . 134-9 relating to permits to carry . . .

> . . .

> (3)     The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant . . . .

(Pet. App. B Ex. 7 at 2-3 (boldfaced font in original).)

("circuit court") granted the State's foregoing motions and on February 7, 1984, the circuit court sentenced Kamanaʻo accordingly.  (Pet. App. A. Exs. 6, 7, 8.)

In December 2003, the Hawaii Supreme Court vacated Kamanaʻo's sentence, holding that the circuit court erred by imposing an extended term based on Kamanaʻo's refusal to acknowledge his criminal behavior.  State v. Kamanaʻo, 103 Haw. 315, 324, 82 P.3d 401, 410 (2003).  The supreme court remanded the matter for resentencing.  Id.

In April 2004, the circuit court resentenced Kamanaʻo to an extended term of life imprisonment with the possibility of parole, based on findings other than his refusal to admit guilt.  Kamanaʻo, 118 Haw. at 211-12, 188 P.3d at 725-26.  The circuit court found, among other things, that Kamanaʻo's "criminal actions were so extensive that an extended term [was] necessary for the protection of the public."  Kamanaʻo, 2006 WL 1775869, at *2 (quotations and citation omitted, alteration in original).

By Summary Disposition Order ("SDO") issued June 20, 2005, the Intermediate Court of Appeals for the State of Hawaii ("ICA") upheld Kamanaʻo's extended term.  State v. Kamanaʻo, No. 26592, 2005 WL 1428522, at *1 (Haw. Ct. App. June 20, 2005).  Kamanaʻo applied for writ of certiorari from the ICA's judgment affirming its SDO and on July 6, 2005, the Hawaii Supreme Court

4

denied Kamanaʻo's application.  Kamanaʻo, 2006 WL 1775869, at *2.

On October 27, 2005, Kamanaʻo filed a petition for writ of habeas corpus in federal court, arguing that his extended term violated his right to trial by jury guaranteed by the Sixth Amendment as enunciated by Apprendi v. New Jersey, 530 U.S. 466 (2000).  Kamanaʻo v. Peyton, Civ. No. 05-00681 SOM-KSC, slip op. at 7 (D. Haw. May 10, 2006).  The court agreed, and by order issued June 21, 2006, the court granted Kamanaʻo's petition, vacated his sentence, and remanded the case to the circuit court for resentencing.  Kamanaʻo, 2006 WL 1775869, at *7.

On resentencing, the State moved for the imposition of consecutive terms of imprisonment as to all counts of which Kamanaʻo was convicted.  (Mem. in Supp. of Pet. at 18; Pet. App. A Ex. 15.)  The State argued that HRS § 706-606.5, which authorized the imposition of consecutive mandatory minimum terms of imprisonment for repeat offenders, also authorized the imposition of consecutive maximum terms for such offenders.  (Mem. in Supp. of Pet. at 20-21; see also Pet. App. A Ex. 18 at 16, 26-33.)

Kamanaʻo argued that HRS § 706-606.5 did not apply as that statute authorized only the imposition of consecutive mandatory minimum terms.  (Mem. in Supp. of Pet. at 21-22; Pet. App. A Ex. 18 at 23.)  He argued that instead, HRS §

706-668, as the statute existed at the time the offenses were committed ("HRS §

706-668"), should apply.[4]  (Mem. in Supp. of Pet. at 21; <u>see also</u> Pet. App. A Ex.

18 at 22.)  He noted that pursuant to HRS § 706-668, multiple terms of

imprisonment imposed on a person at the same time were to be imposed

concurrently.  (Mem. in Supp. of Pet. at 21; <u>see also</u> Pet. App. A Ex. 18 at 22.)

During the resentencing hearing, the circuit court agreed with the

State that HRS § 706-606.5 authorized the imposition of consecutive maximum

terms.  (Mem. in Supp. of Pet. at 22; Pet. App. A Ex. 18 at 81-82.)  Thus, the

circuit court resentenced Kamanaʻo to twenty year terms as to each of the above-

mentioned Class A felonies and ordered that the terms for the sodomy count and

---

[4]      HRS § 706-668 stated:

**Concurrent and consecutive terms of imprisonment.**   (1)
Except as provided in subsection (2), when multiple sentences
of imprisonment are imposed on a person at the same time, . . .
the sentence or sentences imposed by the court shall be served
concurrently.

(2)      If a person who is imprisoned in a correctional institution
is convicted of a crime committed while he is imprisoned or
during an escape from imprisonment, the maximum term of
imprisonment authorized for the crime committed during
imprisonment or during an escape from imprisonment may be
added to the portion of the term which remained unserved at the
time of the commission of the crime.  For purposes of this
section, escape is a crime committed during imprisonment.

(Pet. App. B Ex. 6 at 14 (boldfaced font in original).)

one of the rape counts run concurrently with each other and consecutively to the term for the other rape count, with credit for time served.  (Pet. App. A Ex. 18 at 81, Ex. 19.)  The circuit court also imposed mandatory minimum terms of imprisonment of five years as to each of the foregoing counts based on Kamanaʻo's status as a repeat offender.  (Pet. App. A Ex. 18 at 81-82, Ex. 19.)

On October 16, 2006, Kamanaʻo filed a motion to correct illegal sentence in the circuit court.  (Pet. App. A Ex. 20 at 1-2.)  Kamanaʻo argued that under HRS § 706-668, the circuit court was statutorily barred from imposing a consecutive maximum term.  (Id. at 4.)  He also argued that the circuit court's construction of HRS § 706-606.5 to authorize the imposition of a consecutive maximum term in his case violated the United States Constitution's Due Process and Ex Post Facto Clauses as such construction was an unforeseeable "retroactive expansion of the scope of [his] criminal liability . . . ."  (Id. at 10-11.)  The circuit court denied Kamanaʻo's motion and Kamanaʻo appealed.  (Pet. App. A Ex. 23.)

By SDO issued December 13, 2007, the ICA affirmed.  State v. Kamanaʻo, No. 28236, slip op. at 5 (Haw. Ct. App.  Dec. 13, 2007).  The ICA held that the circuit court was not statutorily barred from imposing a consecutive term as "[c]onsecutive terms were authorized by HRS § 706-606.5(1) and (3) . . . ."  Id. The ICA also held that the imposition of a consecutive term did not violate the Due

Process and Ex Post Facto Clauses.  Id.

On January 29, 2008, Kamanaʻo applied to the Hawaii Supreme Court for writ of certiorari from the ICA's judgment affirming its SDO.  (Pet. App. A Ex. 25.)  Kamanaʻo's application presented the following questions:

> 1.     Did the ICA gravely err in holding that the pertinent repeat offender statute, HRS 706-606.5(1) and (3), permitted consecutive maximum terms when the plain meaning of that provision is that it only provides for consecutive mandatory minimum terms for repeat offenders, and not for consecutive maximum terms?
>
> 2.     Did the ICA gravely err in upholding a new judicial construction that allows consecutive maximum term sentencing, which was expressly forbidden under the law in effect at the time of the commission of the offenses, as a violation [of] the due process and ex post facto provisions of the federal and Hawaii constitutions?

(Id. at 4.)

In a lengthy opinion issued July 23, 2008, the Hawaii Supreme Court affirmed the ICA's judgment.  Kamanaʻo, 118 Haw. at 231, 188 P.3d at 745.  As to the first question presented, the supreme court held that based on the plain reading and legislative intent of HRS § 706-606.5, that statute authorized the imposition of consecutive maximum terms "where consecutive mandatory minimum [terms] are mandated in multiple offense situations . . . ."  Id. at 221, 188 P.3d at 735; see also id. at 211, 230, 188 P.3d at 725, 744.  The supreme court held that assuming

8

arguendo that a conflict exists between HRS §§ 706-606.5 and 706-668, repeat offenders must be sentenced in accordance with the former "because a specific statute controls over a general statute concerning a common matter."[5]  Id. at 211, 188 P.3d at 725.

As to the second question presented, the supreme court noted that Kamanaʻo's argument on the question "rests on the premise that HRS § 706-606.5(3) was incorrectly applied to [him] at the time of his sentencing . . . ."  Id. at 231, 188 P.3d at 745.  The supreme court held, "Inasmuch as it has been determined herein that HRS § 706-606.5(3), properly construed . . . does apply to [Kamanaʻo], [Kamanaʻo's] argument on this question is wrong."  Id.

On July 9, 2009, Kamanaʻo filed the instant Petition challenging the Hawaii Supreme Court's application of its construction of HRS §§ 707-606.5 and 706-668 (hereinafter, collectively referred to as "Hawaii's sentencing statutes") to his case.  (Doc. # 1.)  Specifically, Kamanaʻo's Petition stated:

> **GROUND ONE:**
> The state courts violated [Kamanaʻo's] rights under the due process and/or the ex post facto clauses of the United States Constitution by using [his] case to articulate, for

---

[5]      The supreme court noted that HRS § 706-606.5 is a specific statute "in that it deals expressly with sentencing for certain felony convictions involving repeat offenders . . . ."  Id. at 217, 188 P.3d at 731.  The supreme court noted that HRS § 706-668 is a general statute "in the sense that it pertains generally to all offenses and without regard to the type of offender involved."  Id.

the first time, a new construction of [Hawaii's] sentencing statutes that were in effect at the time he committed the crimes for which he was being sentenced and then applying that new construction of state law in [his] case.

(Pet. at 6.)

On July 10, 2009, Kamanaʻo supplemented his Petition with the following:

**GROUND TWO:**
The state courts denied [Kamanaʻo's] right to due process under the United States Constitution by incorrectly construing [Hawaii's] sentencing statutes that were in effect at the time he committed his crimes to permit a sentence–running the maximum terms of imprisonment imposed on Counts 9 and 11 consecutive to the maximum term of imprisonment imposed on Count 6–that, correctly construed, state law did not authorize. In other words, the state courts imposed and (on appeal) affirmed a sentence that state law did not authorize and thereby deprived [Kamanaʻo] of due process by imposing an illegal sentence upon him.

(Supplement to Pet. at 3 (emphasis omitted).)

Respondents answered the Petition on October 6, 2009.  (Doc. # 13.)

STANDARD OF REVIEW

Kamanaʻo requests habeas relief under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  (Doc. # 1.) Pursuant to 28 U.S.C. § 2254(d):

10

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has stated that 28 U.S.C. § 2254(d) "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003) (quotations and citations omitted).

Before a federal court may grant habeas relief to a petitioner, the petitioner must exhaust his remedies in state court, 28 U.S.C. § 2254(b)(1)(A), "giv[ing] the state courts an opportunity to act on his claims before he presents those claims to a federal court . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  This requires that the petitioner "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).

11

## DISCUSSION

Respondents argue that Kamana'o's Petition should be dismissed

because he failed to exhaust his claims in state court.  (Answer at 11-16; Response

to Supplement to Pet. at 3-4.)  Although it appears that Kamana'o has exhausted

his claims in state court,[6] the Court recommends that Kamana'o's Petition be

denied on the merits, for the reasons set forth below.

I.    The Hawaii Supreme Court's Application of its Construction of Hawaii's
      Sentencing Statutes to Kamana'o's Case was not a Deprivation of Due
      Process.

Kamana'o argues that the Hawaii Supreme Court's application of its

---

[6]      The claims Kamana'o presents in Grounds One and Two of his
Petition both allege denial of due process under the United States Constitution.
Specifically, Ground One alleges that the state courts violated Kamana'o's rights
under the Due Process and Ex Post Facto Clauses "by using [his] case to articulate,
for the first time, a new construction of [Hawaii's] sentencing statutes . . . and then
applying that new construction of state law in [his] case."  (Pet. at 6.)  It is clear
that Kamana'o fairly presented this claim in state court.  (See, e.g., Pet. App. A Ex.
20 at 3, 10-13; Pet. App. A Ex. 25 at 4, 13.)

         Ground Two alleges that "the state courts imposed and (on appeal)
affirmed a sentence that state law did not authorize and thereby deprived
[Kamana'o] of due process by imposing an illegal sentence upon him."
(Supplement to Pet. at 3.)  While Kamana'o may not have used the term "illegal
sentence" in all of his state court briefs, the Court agrees with Kamana'o that his
briefs "are replete with assertions that imposing consecutive [terms] on him lacks
statutory authority and . . . that his [consecutive term] violate[s] the Due Process
Clause of the federal [C]onstitution."  (Supplemental Mem. in Supp. of Pet. at 6.)

construction of Hawaii's sentencing statutes to his case, deprived him of due process under the Fourteenth Amendment because he did not have fair warning, at the time he committed the offenses, of the extent of his criminal liability.  (Mem. in Supp. of Pet. at 61-62.)  Specifically, Kamana'o points to the plain language of Hawaii's sentencing statutes before the offenses were committed, the statutes' commentaries, legislative histories, and judicial constructions and argues that it was unforeseeable that the maximum terms imposed on a repeat offender could be ordered to run consecutively.  (Id. at 47-59, 61-62.)

Respondents argue that the Hawaii Supreme Court's construction of Hawaii's sentencing statutes was "derived from an application of fundamental canons of statutory construction and precedent, as well as the court's concern with effecting the intent of the legislature."  (Answer at 25.)  Respondents thus argue that such construction was "foreseeable and proved ultimately to be a confirmation of the plain meaning of the statutes, i.e., the imposition of consecutive sentences was authorized in Kamana'o's case."  (Id. at 28.)  Respondents argue that as such, the Hawaii Supreme Court's interpretation of Hawaii's sentencing statutes is binding.  (Id. at 26.)

Despite the parties' lengthy analyses of the Hawaii Supreme Court's decision, the question before us is not whether the decision was correct.  See

Holgerson v. Knowles, 309 F.3d 1200, 1202 (9th Cir. 2002).  "[S]tate courts are

the ultimate expositors of state law . . . [and] we are bound by their constructions

except in extreme circumstances . . . ."  Mullaney v. Wilbur, 421 U.S. 684, 691

(1975) (citations omitted).  Rather, the question is whether the Hawaii Supreme

Court's application of its construction of Hawaii's sentencing statutes to Kamana'o

was "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court . . . ."  28 U.S.C. § 2254(d)(1);

see also Holgerson, 309 F.3d at 1202.  The clearly established Federal law

Kamana'o invokes in Ground One of his Petition is the Fourteenth Amendment's

Due Process Clause and the principles on which that Clause is based as expounded

by the Supreme Court in Bouie v. City of Columbia, 378 U.S. 347 (1964).

In Bouie, two black college students seated themselves in a South

Carolina restaurant that served only whites.  Id. at 348.  After the students seated

themselves, a restaurant employee put up a "no trespassing" sign.  Id. at 348.  The

students were asked to leave but they refused.  Id.  They were arrested and

ultimately convicted of criminal trespass under a South Carolina statute that

prohibited the "entry upon the lands of another . . . after notice from the owner . . .

prohibiting such entry."  Id. at 348-350.  The students appealed their convictions

arguing that they did not receive notice from the owner before they entered, as

required by the statute.  Id. at 350.  The South Carolina Supreme Court affirmed, construing the statute "to cover not only the act of entry on the premises of another after receiving notice not to enter, but also the act of remaining on the premises of another after receiving notice to leave."  Id.

The Supreme Court reversed the students' convictions under the Fourteenth Amendment's Due Process Clause.  Id. at 349.  The Supreme Court noted that it has often recognized the "basic principle that a criminal statute must give fair warning of the conduct that it makes a crime . . . ."  Id. at 350-51.  The Supreme Court concluded that in Bouie, South Carolina Supreme Court's construction of the statute violated this principle because it punished the students for conduct that was not criminal at the time of its commission.  Id. at 350.  The Supreme Court held, "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect."  Id. at 354 (quotations and citation omitted).

Kamanaʻo contends that like South Carolina Supreme Court's construction of the statute in Bouie, the Hawaii Supreme Court's construction of Hawaii's sentencing statutes to authorize the imposition of consecutive maximum terms for repeat offenders is an unforeseeable retroactive judicial expansion of

state law.  (See Mem. in Supp. of Pet. at 61-62.)  Kamana'o thus argues that Bouie "applies to sentencing statutes that expand the scope of criminal liability, where the defendant may well have known that his conduct was illegal, but may have had no fair warning of the maximum extent of criminal liability that attached to such conduct."  (Mem. in Supp. of Pet. at 45 (citations omitted).)  Kamana'o's argument is incorrect.

The principle underlying Bouie is that "due process forbids the imposition of criminal penalties against a defendant who had no fair warning that his **conduct violated the law**."  Webster v. Woodford, 369 F.3d 1062, 1070 (9th Cir. 2004) (quoting Darnell v. Swinney, 823 F.2d 299, 301 (9th Cir. 1987)) (emphasis added, quotations omitted); see also id. at 1069 (noting that the "touchstone of the Bouie doctrine is that due process protects against judicial infringement of the right to fair warning that certain **conduct** will give rise to criminal penalties") (citing Marks v. United States, 430 U.S. 188, 191-92 (1977)) (emphasis added).  As the Supreme Court explained, "[Bouie's] rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what **previously had been innocent conduct**."  Rogers v. Tennessee, 532 U.S. 451, 459 (2001) (emphasis added).

16

Based on the foregoing, the Ninth Circuit has repeatedly held that <u>Bouie</u> applies only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements or sentencing schemes.  <u>See, e.g.</u>, <u>United States v. Mohamed</u>, 459 F.3d 979, 984 (9th Cir. 2006) (noting that "in the Ninth Circuit, due process limitations on the retroactive application of judicial decisions apply only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements") (quotations, citations, emphasis omitted); <u>Webster</u>, 369 F.3d at 1069 (noting that "<u>Bouie</u> does not apply to sentencing schemes"); <u>United States v. Dupas</u>, 419 F.3d 916, 921 (9th Cir. 2005) (noting that "Ninth Circuit precedent limited <u>Bouie</u> to new interpretations of substantive criminal statutes") (citation omitted); <u>Holgerson</u>, 309 F.3d at 1202 (noting that the Ninth Circuit previously held that "<u>Bouie</u> applie[s] only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements) (citing <u>United States v. Newman</u>, 203 F.3d 700, 703 (9th Cir. 2000)); <u>id.</u> at 1203 (concluding that the argument that "due process bars judicial after-the-fact increases in punishment as well as after-the-fact increases in the scope of criminal liability . . . has not been clearly established by the Supreme Court").  Thus, the Ninth Circuit noted that while "[o]ther circuits have held that [the] due process concerns of <u>Bouie</u> are implicated in after-the-fact increases in the degree of

17

punishment as well as the ex post facto construction of criminal statutes," this

Circuit "has limited <u>Bouie</u>'s application of due process principles to the latter

situation." <u>Newman</u>, 203 F.3d at 702 (quotations and citations omitted).

       In <u>Newman</u>, 203 F.3d at 701, for example, the defendant, who pled

guilty to unarmed bank robbery, requested a sentence credit for the time he spent in

drug treatment while on pretrial release.  After the defendant pled guilty, but before

he was sentenced, the Supreme Court decided in a separate case that a defendant's

sentence could not be reduced by the amount of time he spent in drug treatment as

a condition of his release on bail.  <u>Id.</u>  Nevertheless, the district court, treating the

defendant's request for sentence credit as a petition for writ of habeas corpus,

granted the request because it concluded that retroactive application of the

Supreme Court decision would violate the defendant's due process rights under

<u>Bouie</u>.  <u>See</u> <u>id.</u>  The Ninth Circuit reversed, holding that retroactive application of

the Supreme Court decision is proper.  <u>Id.</u> at 702-03.  The Ninth Circuit noted that

the Supreme Court decision "does not enlarge the scope of criminal liability[;

r]ather, it interprets a federal statute concerning the calculation of the length of a

term of imprisonment ***without reference to the issue of the defendant's criminal***

***liability*."  <u>Id.</u> (emphasis added).  The Ninth Circuit therefore concluded that the

due process concerns raised by <u>Bouie</u> do not apply.  <u>Id.</u> at 703; <u>see also</u> <u>United</u>

States v. Ruiz, 935 F.2d 1033, 1036 (9th Cir. 1991) (holding that the "implementation of a sentencing scheme that the defendant did not expect" was distinguishable from the retroactive application, prohibited under Bouie, of a judicial decision subsequently criminalizing actions that the defendant "*justifiably thought were legal at the time he committed them*") (emphasis added).

Similarly, in Holgerson, 309 F.3d at 1201, the defendant pled no contest to one count of first degree burglary and the California Superior Court sentenced him under California's three-strikes statute.  The California Superior Court counted the defendant's prior out-of-state convictions as strikes when sentencing him under said statute.  Id.  While the defendant's direct appeal was pending, the California Supreme Court held in a separate case that an out-of-state conviction counts as a strike under the statute.  Id.  The defendant petitioned for writ of habeas corpus arguing that his due process rights were violated under Bouie because he did not have fair warning at the time he committed the burglary that his out-of-state convictions would count as strikes.  Id.  The district court denied the defendant's petition and the Ninth Circuit affirmed.  Id. at 1200.  The Ninth Circuit noted that the "complained-of judicial enlargement" was similar to that in Newman as California's three-strike statute "does not prohibit conduct that was legal prior to its passage; rather it fixes sentencing ranges for *already illegal conduct* . . . ."  Id.

at 1203 (emphasis added).  The Ninth Circuit therefore concluded that <u>Bouie</u> does not apply as <u>Bouie</u> applies only to after-the-fact increases in the scope of criminal liability and not to "after-the-fact sentence increases . . . ." <u>Id.</u>

      In this case, the Hawaii Supreme Court's construction of Hawaii's sentencing statutes did not render previously innocent conduct illegal.  Kamanaʻo's commission of rape and sodomy constituted illegal conduct before the Hawaii Supreme Court issued its decision.  Thus, the Hawaii Supreme Court's decision did not enlarge the scope of criminal liability; rather, it authorized the imposition of a sentencing scheme for conduct, which was already criminal.  As such, <u>Bouie</u>'s due process concerns, that "a criminal statute give fair warning of the conduct that makes it a crime," do not apply.

      Kamanaʻo objects to the proposition that <u>Bouie</u> does not apply to sentencing schemes, arguing that in <u>Webster</u>, the Ninth Circuit applied <u>Bouie</u> to California's death penalty special circumstances statute.  (Reply at 7-8.) Kamanaʻo's argument misses the mark.  In <u>Webster</u>, 369 F.3d at 1069, the Ninth Circuit applied <u>Bouie</u> because it concluded that California's special circumstances statute was "***not*** a mere sentencing scheme." (emphasis added).  The Ninth Circuit noted, "Special circumstances that make a criminal defendant eligible for the death penalty operate as the functional equivalent of an element of a greater offense." <u>Id.</u>

at 1068 (quotations and citations omitted).  The Ninth Circuit noted "Although

Bouie does not apply to sentencing schemes . . . Bouie does apply to judicial

constructions of substantive elements of criminal law such as aggravating

circumstances."  Id. at 1069; see also Newman, 203 F.3d at 702 n.2 (noting that

Bouie's application to death penalty cases is distinguishable as they "involve the

retroactive effect of decisions construing aggravating factors for imposition of the

death penalty, a type of penalty subject to a higher degree of scrutiny than other

sentencing decisions").

Here, however, the statutes, which were the subject of judicial

construction, are mere sentencing schemes.  Because the Supreme Court has not

held that the due process principles underlying Bouie apply to sentencing schemes,

the Hawaii Supreme Court's decision to apply its construction of Hawaii's

sentencing statutes to Kamanaʻo was not "contrary to, or [did not] involve[ ] the

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court . . . ."  28 U.S.C. § 2254(d).  The Court therefore recommends that

Kamanaʻo's first ground for habeas relief be denied.

II.     The Hawaii Supreme Court's Construction of Hawaii's Sentencing Statutes
        was not an Obvious Subterfuge to Evade Consideration of a Federal Issue.

Kamanaʻo argues that this Court may disregard the Hawaii Supreme

Court's construction of state law because it is "implausible" and "an obvious

subterfuge" to "avoid federal constitutional problems, most notably problems under Apprendi . . . or the United States Constitution's ex post facto clause." (Supplement to Pet. at 2-3; Supplemental Mem. in Supp. of Pet. at 2.)  Kamana'o argues that the Court may therefore reexamine Hawaii's sentencing statutes so as to construe them "correctly." (Supplemental Mem. in Supp. of Pet. at 3.)  He argues that construing them correctly, Hawaii's sentencing statutes did not authorize the imposition of consecutive maximum terms in his case.  (Supplement to Pet. at 2, 5; Supplemental Mem. in Supp. of Pet. at 3.)  He argues that as such, his consecutive maximum sentences is "illegal."  (Supplemental Mem. in Supp. of Pet. at 3.)  Kamana'o contends that an illegal sentence, which is "one that is imposed without any statutory authority," violates due process.  (Supplemental Mem. in Supp. of Pet. at 4.)

Again, a writ of habeas corpus is available only if the Hawaii Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . ."  28 U.S.C. § 2254(d).  "It is unavailable for alleged error in the interpretation or application of state law."  Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994) (quoting Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)) (quotations omitted); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not

22

within the province of a federal habeas court to reexamine state-court

determinations on state-law questions.").  This is because "state courts are the

ultimate expositors of state law" and federal courts "are bound by their

constructions . . . ."  <u>Mullaney</u>, 421 U.S. at 691 (citations omitted).  However, on

"rare occasions," a federal court may reexamine a state court's construction of state

law if it appears to be "an obvious subterfuge to evade consideration of a federal

issue."  <u>Id.</u> at 691 n.11 (citations and quotations omitted); <u>see also</u> <u>Peltier</u>, 15 F.3d

at 862 (citation omitted).

          The Court concludes that there was no such obvious subterfuge here.

We must therefore accept the Hawaii Supreme Court's construction of Hawaii's

sentencing statutes and its application of such construction to Kamana'o.  The

Supreme Court has "stated many times that 'federal habeas relief does not lie for

errors of state law.'"  <u>Estelle</u>, 502 U.S. at 67 (quoting <u>Lewis v. Jeffers</u>, 497 U.S.

764, 780 (1990)).  Accordingly, the Court recommends that Kamana'o's second

ground for habeas relief be denied.

<u>CONCLUSION</u>

          For the foregoing reasons, the Court RECOMMENDS that

Kamana'o's Petition be DENIED.

          IT IS SO FOUND AND RECOMMENDED.

23

DATED:  Honolulu, Hawaii, February 26, 2010.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kamana'o v. Frank, et al., Civ. No. 09-00313 JMS-BMK, FINDINGS AND RECOMMENDATION THAT PETITIONER ANDREW K. KAMANA'O'S PETITION FOR WRIT OF HABEAS CORPUS BE DENIED.