IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW K. KAMANA'O, | ) | Civ. No. 09-00313 JMS/BMK |
| | ) | |
| Petitioner, | ) | ORDER (1) ADOPTING THE FINDINGS |
| | ) | AND RECOMMENDATION TO DENY |
| vs. | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS AND (2) GRANTING IN PART |
| CLAYTON A. FRANK, NOLAN | ) | AND DENYING IN PART |
| ESPINDA, and MARK J. | ) | CERTIFICATE OF APPEALABILITY |
| BENNETT, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER (1) ADOPTING THE FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND (2) GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

This matter is before this court on objections to Magistrate Judge Barry M. Kurren's Findings and Recommendation ("F&R") of February 26, 2010. The F&R recommends that this court deny Petitioner Andrew K. Kamana'o's ("Petitioner") Petition under 28 U.S.C. § 2254 ("Petition").  Respondents object to the F&R's determination that Petitioner's federal claims were exhausted. Petitioner objects to the determination that (1) he was not deprived due process based on the Hawaii Supreme Court's application of its construction of Hawaii's sentencing statutes to his case, and (2) the construction of Hawaii's sentencing

statute was not an obvious subterfuge to evade consideration of a federal issue.

Pursuant to District of Hawaii Local Rule 7.2(d) ("LR"), the court finds this matter

suitable for disposition without a hearing.

Based on the following, the court ADOPTS the F&R, finding that

(1) Petitioner exhausted his federal claims in state court, (2) the Hawaii Supreme

Court's construction of Hawaii's sentencing statutes as applied to Petitioner's case

was not a deprivation of due process, and (3) the Hawaii Supreme Court's

construction of Hawaii's sentencing statutes was not an obvious subterfuge to

evade consideration of a federal issue.  The writ of habeas corpus is DENIED.

## II.  BACKGROUND

The F&R provides a thorough discussion of the factual basis of

Petitioner's conviction and the subsequent procedural history of his habeas

petitions and appeals.  For context, the court provides the following brief summary

of the events leading up to the Petition.

On October 13, 1983, Petitioner was convicted of, among other

offenses, three class A felonies, including two counts of rape in the first degree and

one count of sodomy in the first degree.  Pet'r App. A, Ex. 8.  Upon the State of

Hawaii's request, the First Circuit Court for the State of Hawaii sentenced

Petitioner to an extended term of life imprisonment and mandatory minimum terms

of imprisonment pursuant to Hawaii Revised Statute ("HRS") § 706-606.5,

Hawaii's repeat offender statute.  *See* Pet'r App. A, Exs. 6-8.  The Hawaii Supreme

Court subsequently vacated Petitioner's sentence and remanded for resentencing

after finding that the Circuit Court erred by imposing an extended term based on

Petitioner's refusal to acknowledge his criminal behavior.  *State of Hawaii v.*

*Kamana'o*, 103 Haw. 315, 324, 82 P.3d 401, 410 (2003).

On remand, the Circuit Court, relying on findings other than

Petitioner's refusal to admit guilt, resentenced Petitioner to an extended term of life

imprisonment with the possibility of parole.  *See State of Hawaii v. Kamana'o*, 118

Haw. 210, 211-12, 188 P.3d 724, 725-26 (2008) (reciting events on remand).  This

sentence was affirmed, *see State of Hawaii v. Kamana'o*, 2005 WL 1428522, at *1

(Haw. Ct. App. June 20, 2005), but was subsequently vacated in this district court

because it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See Kamana'o v.*

*Peyton,* 2006 WL 1775869, at *7 (D. Haw. June 21, 2006).

On remand to the Circuit Court, the State argued for the imposition of

consecutive terms of imprisonment asserting that HRS § 706-606.5, while

authorizing consecutive mandatory minimum terms, also authorizes the imposition

of consecutive maximum terms.  Pet'r App. A, Ex. 18 at 16:2-20:23, 26:19-35:8.

Petitioner argued that HRS § 706-606.5 addresses consecutive mandatory

minimum sentences only and that HRS § 706-668, requiring the impositions of multiple terms of imprisonment to served concurrently, applied instead.  *Id*. at 21:22-23:11.  The Circuit Court agreed with the State and resentenced Petitioner to twenty-year terms on each Class A felony, setting the terms for the sodomy count and one of the rape counts concurrent to each other and consecutive to the term for the other rape count.  *Id*. at 81:6-25; Pet'r App. A, Ex. 19.

The Circuit Court denied Petitioner's subsequent motion to correct illegal sentence, which argued that HRS § 706-668 barred the court from imposing a consecutive maximum term, and that the court's construction of HRS § 706-606.5 violated the due process and ex post facto clauses of the constitution.  Pet'r App. A, Ex. 23 at 4, Ex. 20 at 8-9, 10-11.  The Hawaii Intermediate Court of Appeals ("ICA") affirmed in a summary disposition and the Hawaii Supreme Court then affirmed in a lengthy opinion.  The Hawaii Supreme Court construed HRS § 706-606.5 to allow the imposition of consecutive maximum terms, and further found no violation of Petitioner's constitutional rights.  *Kamana'o*, 118 Haw. at 231, 188 P.3d at 745.  Petitioner's Petition followed.

## III.  <u>STANDARD OF REVIEW</u>

The court reviews *de novo* those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the

4

Magistrate Judge's recommendation.  28 U.S.C. § 636(b)(1); *see also United States*

*v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Reyna-Tapia*, 328 F.3d

1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the

magistrate judge's findings and recommendations de novo *if objection is made*, but

not otherwise.").  The court may also receive further evidence on the matter or

recommit it to the Magistrate Judge with instructions.  The court may accept those

portions of the F&R that are not objected to if it is satisfied that there is no clear

error on the face of the record.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

LR 72.5 and 74.2; *Abordo v. State of Hawaii*, 902 F. Supp. 1220, 1223-24 (D.

Haw. 1995); *see also Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d

196, 206 (9th Cir. 1974).

## IV.  ANALYSIS

### A.    The Parties' Objections to the F&R

Both Petitioner and Respondents object to the F&R, and the court

addresses each party's arguments in turn.

#### 1.    Respondents' Objection

A writ of habeas corpus may not be granted unless it appears that a

petitioner has exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1);

*see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  To exhaust state

remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

As a general rule, a federal court must defer to a state court's interpretation of state law. In other words, "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). A rare exception to this rule is the extreme circumstance where a federal court finds that a state court's interpretation of state law is an "obvious subterfuge to evade consideration of a federal issue."[1] *Id.* at n.11 (citations omitted). Petitioner argued -- and the F&R rejected -- that this exception applies, asserting that the Hawaii Supreme Court interpreted the Hawaii sentencing statute in a manner that purposefully avoided consideration of whether imposition of consecutive sentences violated Petitioner's federal due process rights.

Respondents now object to the F&R on the basis that Petitioner failed to exhaust his argument that the state court's interpretation of the relevant

---

[1] As set forth below, the Ninth Circuit has articulated this exception to require a federal court to respect state law determinations unless "the state court's interpretation 'is clearly untenable and amounts to a subterfuge to avoid federal review . . . .'" *See infra* at 16-17 and n.5.

sentencing statute should be disregarded as an obvious subterfuge to evade

consideration of a federal issue.[2]   Respondents' objection is misplaced.

The *Mullaney* exception to the general rule that a federal court must

defer to a state court's interpretation of its own law is, by its very nature, not

subject to exhaustion.  Instead, once a federal claim is fairly presented in state

court, a federal habeas court may consider whether the state court, in order to avoid

the federal constitutional issue, engaged in obvious subterfuge.  In these

circumstances, exhaustion is impossible.  In other words, the *Mullaney* exception is

best viewed as a narrow limit on a federal court's deference to a state court's

interpretation of its own law *after* a state defendant raises a federal issue in state

court.  As such, this argument was not subject to the exhaustion requirement.

In fact, Petitioner could not have raised the "obvious subterfuge"

argument until *after* the Supreme Court issued its opinion.  Respondents' assertion

that this argument could have been raised before the Hawaii Supreme Court on the

basis of the ICA summary disposition affirming Petitioner's consecutive sentences

is unpersuasive.  The ICA's summary affirmation had little, if any, discussion

concerning the construction or interpretation of the subject state sentencing statute.

---

[2]  Respondents have not objected to the F&R's determination that Petitioner's due process claims as to Grounds One and Two of the Petition were fairly presented to the Hawaii Supreme Court.

Petitioner's argument directly challenges the Hawaii Supreme Court's interpretation, and not the ICA's, and therefore could not have been raised in the state court. The court therefore addresses the merits of Petitioner's objection to the F&R's findings regarding the *Mullaney* exception.

### 2.   *Petitioner's Objections*

Petitioner objects to the F&R's determination that the Hawaii Supreme Court's construction of Hawaii's sentencing statutes neither deprived him of due process, nor was an obvious subterfuge to evade consideration of a federal issue. The court first outlines the legal framework for analyzing these arguments, and then addresses each argument in turn.

### a.   *Framework*

Because Petitioner filed his Petition after the effective date of AEDPA, his Petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey,* 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)), *overruled on other grounds by Hayward v. Marshall*, --- F.3d ---, 2010 WL 1664977 (9th Cir. Apr. 22, 2010); *see Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003).

In making this determination, this court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal law," the court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting *Williams v. Taylor*, 592 U.S. 362, 412 (2000)).  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.*

This court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 70 (quoting 28 U.S.C. § 2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13; *see also Lockyer*, 538 U.S. at 70.  "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies

9

that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of Supreme Court precedent.  *See Irons*, 505 F.3d at 850; *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000).

///

///

///

///

      b.    *Application*

        i.    *Bouie*

Petitioner argues that the Hawaii Supreme Court's interpretation of HRS § 706-606.5 resulted in an unconstitutional retroactive application of consecutive sentences contrary to *Bouie v. City of Columbia*, 378 U.S. 347 (1964). Based on a de novo review, the court agrees with the F&R's determination that in the Ninth Circuit *Bouie* applies only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements or sentencing schemes. As a result, the Hawaii Supreme Court's interpretation of the sentencing statute was not contrary to clearly established federal law.

As thoroughly set forth in the F&R, the Ninth Circuit has repeatedly held that *Bouie* applies to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements or sentencing schemes. *See, e.g.*, *United States v. Dupas*, 419 F.3d 916, 921 (9th Cir. 2005); *Webster v. Woodford*, 369 F.3d 1062, 1069 (9th Cir. 2004); *Holgerson v. Knowles*, 309 F.3d 1200, 1202 (9th Cir. 2002); *United States v. Newman*, 203 F.3d 700, 702-03 (9th Cir. 2000).[3]

---

[3] In fact, *United States v. Newman*, 203 F.3d 700, 702 (9th Cir. 2000), recognizes that while other circuits have found that *Bouie* applies to an increase in punishment, the Ninth Circuit has limited *Bouie* to the construction of substantive criminal statutes.

The Hawaii Supreme Court's interpretation of HRS § 706-606.5 clearly involved the application of a sentencing scheme and therefore *Bouie* does not apply.

Petitioner concedes that this is largely the Ninth Circuit's view on this issue, but contends that the Ninth Circuit has applied *Bouie* to death penalty sentencing schemes and consecutive sentencing schemes. *See, e.g.*, *Webster*, 369 F.3d at 1069-70 (death penalty sentencing statute); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989) (consecutive sentencing statute). Petitioner also points to opposite holdings by other circuits and appears to invite this court to accept those decisions.[4] Petitioner's reliance on those Ninth Circuit decisions is unpersuasive, and the court agrees with the F&R's explanation that death penalty sentencing schemes are distinguishable from sentencing enhancement statutes.

In *Webster*, for example, the Ninth Circuit applied *Bouie* to California's death penalty special circumstances statute. The jury in that case found two special circumstances existed that made the defendant eligible for the death penalty. *Webster*, 369 F.3d at 1066. After the penalty phase of the trial, the jury sentenced the defendant to death and the California Supreme Court affirmed. *Id.* The defendant filed a federal habeas petition contending that the California

---

[4] The court declines to do so. *See United States v. AMC Entm't*, 549 F.3d 760 (9th Cir. 2008) (stating that "it goes without saying that we expect our pronouncements will be the final word within the Ninth Circuit's geographical area").

Supreme Court's construction of the special circumstance elements of the death penalty statue constituted "an impermissible retroactive judicial modification of the law in violation of [*Bouie*]."  *Id*.  *Webster* concluded that *Bouie* applied, but explained that the special circumstances statute "unarguably defines the unique elements of capital murder that distinguish it from other first degree murder" and thus it "was not a mere sentencing statute."  *Id*. at 1069.  Therefore, *Webster* found that "[a]lthough *Bouie* does not apply to sentencing schemes . . . [it] does apply to judicial constructions of substantive elements of criminal law such as aggravating circumstances."  *Id*.; *see also Newman*, 203 F.3d at 702 n.2 (noting that the application of *Bouie* to death penalty sentencing schemes "involve[s] the retroactive effect of decisions construing aggravating factors for imposition of the death penalty, a type of penalty subject to a higher degree of scrutiny than other sentencing decisions").

        Similarly, in *Oxborrow*, although the defendant challenged the sentencing statute, the Ninth Circuit's application of *Bouie* concerned whether the state court's construction of that statute had improperly expanded the *aggravating* circumstances which allowed the imposition of consecutive sentences.  *Oxborrow*, 877 F.2d at 1399-01.  In other words, *Oxborrow* did not find that *Bouie* was applicable to a state court's interpretation of the consecutive sentencing scheme,

13

but instead that it applied to the judicial construction of the aggravating circumstance element of that statute.  *See Webster*, 369 F.3d at 1069 (citing *Oxborrow* as an example of *Bouie*'s application to judicial constructions of substantive elements of criminal law such as aggravating circumstances).

Unlike *Webster* and *Oxborrow*, the Hawaii Supreme Court's interpretation of the sentencing scheme in the instant case did not involve the judicial construction of a substantive element of criminal law such as aggravating factors.  Accordingly, the Hawaii Supreme Court's interpretation of HRS § 706-606.5 was not contrary to or an unreasonable application of *Bouie's* holding; simply put, *Bouie* does not apply to Petitioner's case.

ii.     Whether the Hawaii Supreme Court's construction of HRS § 706-606.5 was an obvious subterfuge to evade a federal issue

Petitioner also argues that his sentence violates due process because it is an illegal sentence.  Specifically, Petitioner argues that the Hawaii Supreme Court's construction of § 706-606.5, to allow the imposition of concurrent mandatory maximum sentences, was so wholly implausible in light of the statute's plain language and legislative history that it is an obvious subterfuge to evade consideration of a federal issue.  The court agrees with the F&R's conclusion rejecting this argument.

14

As a starting place, the court recognizes that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus."). Rather, "state courts are the ultimate expositors of state law." *Mullaney*, 421 U.S. at 691. This principle extends to alleged errors in the interpretation or application of state sentencing laws by state courts. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."); *see, e.g.*, *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions is a question of state sentencing law and does not state a constitutional claim).

Recognizing this hurdle to his claim, Petitioner frames his argument as raising a federal law issue by invoking a very limited exception to this deference

15

to state law.  Specifically, Petitioner argues that the Hawaii Supreme Court's

construction is not entitled to deference if the court finds that it is "implausible"

given the language of the statute and the legislative history, or a subterfuge to

avoid federal review.  Pet'r Obj. 5-6.  The court rejects this argument for two

reasons.

   First, Petitioner misstates this exception -- the exception does not

apply merely if the court finds the Hawaii Supreme Court's construction

implausible.  Otherwise, this exception would effectively eviscerate the habeas

requirement that the state sentence be contrary to clearly established Federal law.

*See Irons*, 505 F.3d at 850 (providing that a petition for habeas corpus "may be

granted only if [the petitioner] demonstrates that the state court decision denying

relief was 'contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States'"

(quoting 28 U.S.C. § 2254(d)(1)).  Rather, the correct standard in the Ninth Circuit

requires the court to respect state court determinations of state law unless "the state

court's interpretation is 'clearly untenable *and* amounts to a subterfuge to avoid

federal review of a deprivation by the state of rights guaranteed by the

Constitution.'"[5]  *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007) (quoting

---

  [5]  Some Ninth Circuit cases have stated the exception applies where the state law
                         (continued...)

*Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982)) (emphasis added); *see also Mullaney*, 421 U.S. at 691 n.11.

Second, a review of the Hawaii Supreme Court's construction of HRS § 706-606.5 shows that it is not clearly untenable and does not amount to a subterfuge to avoid federal law. Specifically, Petitioner's claim before the Hawaii Supreme Court was that the state sentencing scheme in place at the time he committed his crimes, as set forth in HRS § 706-668, did not authorize the maximum sentences for separate convictions imposed at the same time to be imposed consecutively. At the time, § 706-668 (Special Pamphlet 1975) provided:

> **Concurrent and consecutive terms of imprisonment.**
> (1)    Except as provided in subsection (2), when multiple sentences of imprisonment are imposed on a person at the same time . . . the sentence or sentences imposed by the court shall be served concurrently.
>
> (2)    If a person who is imprisoned in a correctional institution is convicted of a crime committed while he is

---

[5](...continued)
interpretation is "untenable *or* amounts to a subterfuge to avoid federal review of a constitutional violation" as opposed to where the interpretation is "untenable *and* amounts to a subterfuge." *See, e.g., Ferreira v. Borja*, 1 F.3d 960, 962 (9th Cir. 1993); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989). The cases using the disjunctive "or," however, ultimately cite to *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982), which states the inquiry in the conjunctive, that is, where the state law interpretation is untenable *and* amounts to a subterfuge to avoid federal review. That the Ninth Circuit requires the state law interpretation be both untenable and amounting to a subterfuge is supported by *Mullaney v. Wilbur*, 421 U.S. 684, 691 n.11 (1975), which required a showing of an "obvious subterfuge." The Ninth Circuit has interpreted the "obvious subterfuge" language to require that the state law interpretation be both untenable and amounting to a subterfuge.

imprisoned or during an escape from imprisonment, the
maximum term of imprisonment authorized for the crime
committed during imprisonment or during an escape from
imprisonment may be added to the portion of the term
which remained unserved at the time of the commission of
the crime.  For purposes of this section, escape is a crime
committed during imprisonment.

In a lengthy published opinion, the Hawaii Supreme Court rejected

Petitioner's argument, reasoning that the general prohibition against consecutive

sentences provided for in HRS § 706-668 must be read in conjunction with HRS

§ 706-606.5, which permitted the imposition of consecutive *mandatory minimum*

*sentences* in certain circumstances applicable to Petitioner's case.  Specifically,

HRS § 706-606.5 (1981) provided:

> **Sentencing of repeat offenders**.
> (1)     Notwithstanding section 706-669 and any other law
> to the contrary, any person convicted under section . . .
> 707-730 relating to rape in the first degree, 707-733
> relating to sodomy in the first degree, . . . [or] 708-810
> relating to burglary in the first degree . . . , who has a prior
> conviction for any of the above enumerated offenses or of
> any of those enumerated in subsection (2) in this or another
> jurisdiction, within the time of the maximum sentence of
> the prior conviction, shall be sentenced for each conviction
> after the first conviction to a mandatory minimum period
> of imprisonment without possibility of parole during such
> period as follows:
> . . .
>         (a) Second conviction-5 years;
>  . . .
> (3)     The sentencing court may impose the above
> sentences consecutive to any other sentence then or

> previously imposed on the defendant or may impose a
> lesser mandatory minimum sentence without possibility of
> parole than that mandated by this section where the court
> finds that strong mitigating circumstances warrant such
> action. . . .

Starting with the statutory language, the Hawaii Supreme Court

explained that it is possible to harmonize both statutes:

> [T]he broad language of HRS § 706-668 may be
> construed as prohibiting consecutive term sentencing
> where multiple sentences of imprisonment are imposed at
> the same time, except that in certain situations such as that
> embodied in the repeat offender provisions of HRS
> § 706-606.5, consecutive term sentencing is permitted, for
> instance, in the case where an HRS § 707-730 rape or
> HRS § 707-733 sodomy is involved.

*Kamana'o*, 118 Haw. at 217, 188 P.3d at 731.

The Hawaii Supreme Court also determined that indeterminate

maximum terms were inherent in § 706-606.5:

> HRS § 706-606.5 refers to a "minimum" term of
> imprisonment [such that] the maximum term for that
> same offense must be the maximum indeterminate term
> described in HRS § 706-659.  The mandatory minimum
> term, then, is served as part of the maximum
> indeterminate term.  By definition, a mandatory
> minimum sentence must be less than the maximum
> sentence imposed of which it is a part.  It follows that a
> mandatory minimum sentence is part of the lengthier
> indeterminate maximum of which it is a component.

*Id.* at 218-19, 188 P.3d at 732-33.  The Hawaii Supreme Court further concluded

that, because

> a mandatory minimum term is inherently part of the indeterminate maximum term of which it is a part, the two cannot be separated, and both of the two components must be served as part of one sentence.  Inasmuch as HRS § 706-606.5 authorizes the imposition of consecutive mandatory minimum sentences, such sentences must be served as part of indeterminate maximum terms of imprisonment, and, accordingly, the indeterminate terms must run consecutively.

*Id.* at 218 n.15, 188 P.3d at 732 n.15.

> Turning to the legislative history, the Hawaii Supreme Court found

support for its construction of HRS § 706-606.5:

> For example, if a defendant were sentenced to consecutive five-year mandatory minimum terms on six Class A felony counts, the combined mandatory minimum term would be thirty years.  However, the indeterminate maximum term for each individual Class A felony would be twenty years.  Thus, if the indeterminate maximums were served concurrently, they would be shorter than the combined mandatory minimum terms.  Contrastingly, reading HRS § 706-606.5(3) as allowing the imposition of consecutive indeterminate maximum sentences where the mandatory minimum sentences are imposed consecutively guarantees that the mandatory minimum term will not exceed the indeterminate maximum term, and is consistent with the legislative directive that mandatory minimum sentences for multiple offenses may run consecutively.

*Id*. at 220, 188 P.3d at 734 (referring to the Commentary on HRS § 706-659

(1993), Senate Stand. Comm. Rep. No. 965-80, in 1980 Senate Journal, at 1491).

The Hawaii Supreme Court further found that its construction was

consistent with *State v. Saufua*, 67 Haw. 616, 699 P.2d 988 (1985), which

addressed the question of whether the mandatory minimum sentencing provisions

of HRS § 706-606.5 could be imposed consecutive to the terms of imprisonment

for the underlying felony conviction.  *Kamanaʻo*, 118 Haw. at 222, 188 P.3d at

736.  In answering that question, *Saufua* stated:

> The mandatory minimum sentencing provisions are
> intended to apply to sentences imposed for the
> underlying subsequent conviction which triggered
> application of the statute.  Logically, the required period
> of unparoled imprisonment is subsumed within the
> maximum sentence imposed for that offense.  This is in
> harmony with the statutory scheme.  The consecutive
> sentencing language of HRS § 706-606.5 necessarily
> must be read to allow the sentence on the underlying
> offense to be served consecutive to the sentence imposed
> for the prior offense or offenses.

*Saufua*, 67 Haw. at 619, 699 P.2d at 991.  Applying *Safua*, the Hawaii Supreme

Court found that *Saufua* "had already determined that where mandatory minimum

sentences were involved, the maximum punishment available was the imposition of

consecutive indeterminate maximum terms."  *Kamanaʻo*, 118 Haw. at 222, 188

P.3d at 736.

Finally, the Hawaii Supreme Court confirmed its construction based on the specific language in HRS § 706-606.5, which stated that the statute was applicable "[n]otwithstanding . . . any other law to the contrary."  *Id*. at 223, 188 P.3d at 737.  The Hawaii Supreme Court noted that it had recently held that this clause governs, "even over a narrower sentencing provision, and that it should be given effect 'in all cases.'"  *Id.* (quoting *State v. Smith*, 103 Haw. 228, 232, 81 P.3d 408, 412 (2003)).  Thus, the Hawaii Supreme Court concluded that

> by virtue of the directive "notwithstanding . . . any other law" present in HRS § 706-606.5 where mandatory minimum terms are imposed consecutively in the discretion of the court, indeterminate maximum sentences must also run consecutively despite (*i.e.*, "notwithstanding") HRS § 706-668 because mandatory minimums are part of, or incorporated within, the period or term of the indeterminate maximum sentence involved, and indeterminate maximum terms must run consecutively in order for the mandatory minimum sentence to be imposed consecutively as permitted by HRS § 706-606.5.

*Id.* at 225, 188 P.3d at 739.

Given this exhaustive analysis of HRS § 706-606.5, this court cannot conclude that such interpretation is both untenable and amounts to a subterfuge to avoid federal review.  That reasonable jurists disagree with the *Kamana'o* majority opinion (*see id.* at 232-39, 188 P.3d at 745-53 (Chief Justice Moon and Justice Levinson, *dissenting*)) -- does not render the majority opinion untenable and an

apparent subterfuge to evade federal review.  Accordingly, the court finds that the

Hawaii Supreme Court's interpretation of Hawaii law is entitled to deference and

that Petitioner has not raised a basis for habeas relief.

**B.**    **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant."  A

certificate of appealability ("COA") may issue only if the petitioner "has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v.*

*Marshall*, --- F.3d ---, 2010 WL 1664977, at *4 (9th Cir. Apr. 22, 2010) (en banc).

The petitioner is required to demonstrate only "that reasonable jurists could debate

the district court's resolution or that the issues are adequate to deserve

encouragement to proceed further."  *Id.*  (citation and internal quotation marks

omitted).  The standard "requires something more than the absence of frivolity but

something less than a merits determination."  *Id.*  (internal quotation marks

omitted).  The petitioner may satisfy this standard, where, even though a question

may be well-settled in one circuit, there is a conflicting decision in another circuit. *See Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000).

As referenced in Petitioner's objection to the F&R, there are conflicting decisions in other circuits regarding whether *Bouie* is applicable to retroactive sentence enhancements or sentencing schemes. *See, e.g.*, *Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998) (stating that "[t]he *Bouie* principles apply to after-the-fact increases in the degree of punishment as well as the ex post facto construction of substantive criminal statutes" (citation and internal quotation marks omitted)); *Helton v. Fauver*, 930 F.2d 1040, 1045 (3d Cir. 1991) (noting that decisions by other circuit courts "established that the *Bouie* principle applies equally to after-the-fact increases in the degree of punishment"). Therefore, a certificate of appealability is GRANTED as to whether *Bouie* applies to retroactive sentence enhancements or sentencing schemes. *See* 28 U.S.C. § 2253(c)(2).

As to the second ground for relief, the court finds that reasonable jurists could not debate that Hawaii Supreme Court's construction of Hawaii's sentencing statute was untenable and an obvious subterfuge to evade consideration of a federal issue. As explained above, the Hawaii Supreme Court's construction of the sentencing statute was both thorough and supportable, erasing even the

24

suggestion of any attempt to evade the federal issue.  The court therefore DENIES

a certificate of appealability on this second issue.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the court ADOPTS the Findings and

Recommendation, DENIES the Petition with prejudice, and GRANTS in part and

DENIES in part a certificate of appealability.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, April 30, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kamanaʻo v. Frank, et al.;* Civ. 09-00313 JMS/BMK;  Order (1) Adopting the Findings and
Recommendation to Deny Petition for Writ of Habeas Corpus and (2) Granting in Part and Denying in
Part Certificate of Appealability